UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Transsclean Corporation, James P.
Viken, Jon A. Lang, and Donald E.
Johnson,

Civ. File No. 02-1138 (PAM/RLE)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Bill Clark Oil Co., Inc., et al.,

Defendants.

This matter is before the Court on three Motions filed by Plaintiffs Transsclean Corporation, James P. Viken, Jon A. Lang, and Donald E. Johnson (collectively "Transsclean"): (1) Motion for Entry of Default and Default Judgment Against Defendant Bob Clemons d/b/a Wonder Lube; (2) Motion for Determination of Damages; and (3) Motion for Contempt and Award of Sanctions against Defendants White Bear Tire & Auto, Inc. For the reasons that follow, the Motions are granted in part and denied in part.

**BACKGROUND**

This is a patent infringement case involving U.S. Patent 5,318,080, a patent for a machine that dispenses automatic transmission fluid ("'080 Patent"). Transsclean is the exclusive licensee of the '080 Patent. In 1997, Transsclean brought a patent infringement lawsuit against Bridgewood Services, Inc., the manufacturer of the T-Tech automatic transmission fluid charging device, a competing machine. Magistrate Judge Raymond L. Erickson eventually tried that case and a jury found for Transsclean, awarding damages of

$1,874,500.[1]   The Federal Circuit Court of Appeals affirmed the verdict and the damages award.   Transclean Corp. v. Bridgewood Servs., Inc., 290 F.3d 1364 (Fed. Cir. 2002) ("Transclean I").

Shortly after the Federal Circuit's decision, Transclean instituted this action against thirty-eight Defendants, that included service stations and quick-lube centers who use the T-Tech device.   Twenty-two Defendants have been voluntarily dismissed from the action.[2] Summary Judgment has been granted in favor of nine Defendants.[3]   Seven Defendants are in

---

[1] The jury actually awarded Transclean approximately $5.5 million in damages, but Magistrate Judge Erickson reversed a portion of the award and entered a remittitur on a portion of the award.

[2] The following Defendants were previously dismissed from this action:  Ashland Inc., d/b/a Valvoline Instant Oil Change; Chamberlain Oil Co.; Mielke Oil Co., Inc.; Beaudry Oil & Service, Inc.; C & M Trebelhorn, Inc., d/b/a Plaza Tire & Auto; S.S. Enterprises, Inc., d/b/a Professional Lube Center; Dave Norgarrd, d/b/a Crossroads Express Lube; MS Nelson, Inc., d/b/a Fridley Amoco Certicare; Tom's Repair Inc.; Wayne's Express, Inc., d/b/a Texaco Xpress Lube; Precision Auto Care, Inc.; John Larson, d/b/a Precision Tune; Mike Kost d/b/a Hi-Tech Tune Up; Tim Gleason, d/b/a Precision Tune; Dawson, Nystrom & Raiche Sales, Inc.; Car X Service Systems, Inc.; The Goodyear Tire & Rubber Company; Midas International Corporation; and Roseville Express Lube.
    Pursuant to the terms of a settlement agreement, Transclean filed a Notice of Dismissal with Prejudice of Defendants Automotive Parts Headquarters, Inc. and National Bushing & Parts Co. of Mora on June 3, 2005.  On September 7, 2005, Transclean also filed a Notice of Dismissal with Prejudice of Defendant Paul Meland, d/b/a All Seasons Lube Center. Accordingly, these Defendants are dismissed from this action.

[3] The Court found that claim preclusion prevented Transclean from seeking relief from the following Defendants:  Regional Car Wash Distributors, Inc.; Walt Gislason, d/b/a Walt's Soft Cloth Car Wash; Perfect "10" Quick Lube, Inc.; Fresh Start, Inc.; Mike's In and Out 10 Minute Oil Change, LLC; Layne R. Base, d/b/a Heartland Express Lube; Lubrication Technologies, Inc.; Jiffy Lube International, Inc.; and Indy Lube, Inc.

default.[4]

Transclean filed a Motion for Determination of Damages against Defendants Wonder Lube; Bill Clark Oil Co.; Royal Lube and Service, Inc.; 13 North Express Lube, Inc.; Spots Quick Lube, Inc.; White Bear Tire & Auto, Inc.; and Ultra-Lube, Inc (collectively "Defaulting Defendants"). It seeks $10,000 against each Defaulting Defendant, as well as an award of prejudgment interest, costs, and attorneys' fees.

Transclean also filed a Motion for Contempt and Award of Sanctions against Defendant White Bear Tire & Auto, Inc. ("White Bear"). It contends that White Bear is violating the

---

[4] In November 2003 and November 2004, the Court entered default against these Defendants: Bill Clark Oil Co., Inc.; Royal Lube and Service, Inc.; Ultra-Lube, Inc.; 13 North Express Lube, Inc.; Spots Quick Lube, Inc.; and White Bear Tire & Auto, Inc. However, the Court declined to assess damages.

In June 2005, Transclean filed the instant Motion for Default against Defendant Bob Clemons d/b/a Wonder Lube. Under the Federal Rules of Civil Procedure, a default judgment motion may be granted only when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). This lawsuit has been pending for more than two years. Wonder Lube has failed to answer, plead, or otherwise respond despite Transclean's repeated notices to Wonder Lube that it would move for default judgment. The Court therefore finds Wonder Lube in default.

On September 13, 2005, the Court received a letter from Ken Nelson of Defendant 13 North Express Lube, Inc. Mr. Nelson, although not an attorney, objected to any characterization by Plaintiffs that 13 North Express Lube, Inc., was not in compliance with the Court's November 2003 Order, and also to any finding of contempt against it. Indeed, the evidence submitted by Mr. Nelson indicates that 13 North Express Lube, Inc. ceased using the infringing machine in September 2002. However, Plaintiffs do not seek an order of contempt against this Defendant. Rather, because the Court has already found 13 North Express Lube, Inc. in default, Plaintiffs are entitled to a determination of damages against this Defendant. See Fed. R. Civ. P. 55. If 13 North Express Lube, Inc. objects to the entry of default or the award of damages, then 13 North Express Lube, Inc. must obtain counsel and comply with the Federal Rules of Civil Procedures for setting aside default judgments. See Fed. R. Civ. P. 55; see also Carr Enter., Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1993) (corporations must be represented by counsel).

Court's default judgment Order by continuing to use infringing T-Tech devices to perform automatic transmission exchange services.

**DISCUSSION**

**A.      Determination of Damages**

Transclean seeks an award of damages, plus prejudgment interest, attorneys' fees, and costs, against each Defaulting Defendant.   In particular, Transclean seeks a royalty of $10,000 from each Defaulting Defendant.   Transclean contends that it is entitled to these damages because these Defendants are in default.

In <u>Transclean I</u>, the Federal Circuit upheld the trial court's award of damages, a reasonable royalty which amounted to approximately $550 per infringing machine.   <u>See</u> <u>Transclean I</u>, 290 F.3d at 1377.   However, in this litigation, Transclean seeks $10,000 per infringing machine, premised on a use-based royalty theory of damages.   In June 2004, although the Court determined that Transclean's claims against  Defendant Jiffy Lube, Inc., and any other user of the T-Tech machine of which Transclean was aware or should have been aware during the pendency of <u>Tranclean I</u> were precluded as a matter of law, the Court further noted the applicability of issue preclusion on the amount of damages Transclean was entitled to seek. The Court held that "[t]he issue of use-based royalty is certainly a theory of damages that could have been raised in the previous litigation," and that Transclean's failure to previously raise that theory precluded it from raising that theory in the instant litigation.   (June 18, 2004 Order at 8.)   Accordingly, the Court determined that Transclean was limited to seeking a reasonable royalty for infringement – approximately $550 per infringing machine.

Transclean argues that the Court's June 2004 Order is inapplicable to the Defaulting Defendants, as these Defaulting Defendants waived the affirmative defense of issue preclusion because they failed to plead it as required under Federal Rule of Civil Procedure 8(c). Although the defense of issue preclusion is generally viewed as an affirmative defense that must be pled or is otherwise waived, this does not preclude the Court from raising the issue sua sponte. The law is clear that "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata; it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Arizona v. California, 530 U.S. 392, 412 (2000) (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). Indeed, the "benefits of precluding relitigation of issues finally decided run not only to the litigants, but also to the judicial system." Indep. Sch. Dist. No. 283 v. S.D., 88 F.3d 556, 562 n.5 (8th Cir. 1996). "[I]ssue preclusion serves an important public interest in avoiding inconsistent results in separate judicial proceedings," and "where the plaintiffs have had a full and fair opportunity to actually litigate the issue and did in fact litigate it, they can not ordinarily be prejudiced by subsequently being held to the prior determination." Caldera v. Northrop Worldwide Aircraft Servs. Inc., 192 F.3d 962, 970 (Fed. Cir. 1999) (discussing waiver of issue preclusion).

Although the Court recognizes that the seven Defaulting Defendants have not participated in this litigation, the Court must consider and preserve its earlier rulings. See

5

Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802-03 (9th Cir. 1995)

(sua sponte applying res judicata to non-appearing defendant).   In the interests of "comity,

continuity in the law, and essential justice," as well as the fact that the defense arises out of

this Court's earlier judgment, the Court raises the defense of issue preclusion sua  sponte.  See

Warnock v. Pecos County, Tex., 116 F.3d 776, 778 (5th Cir. 1997); see generally 18 Charles

Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4405;

47 Am. Jur. 2d Judgments § 708 ("An exception to the general rule that res judicata must be

pleaded exists where the latter action arises in the same court as the earlier action, thus the

court has independent notice of the prior judgment, or where all relevant data and legal records

are before the court and demands of comity, continuity in law, and essential justice mandate

invocation of res judicata principles.   In such situations, a court may entertain the issue of the

preclusive effects of the earlier judgment sua sponte, consistent with the res judicata policy

of avoiding judicial waste.")

   "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of

protecting litigants from the burden of relitigating an identical issue with the same party or his

privy and of promoting judicial economy by preventing needless litigation."   Parklane Hosiery

Co., Inc. v. Shore, 439 U.S. 322, 326 (1979) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill.

Found., 402 U.S. 313, 328-29 (1971)).   Generally, collateral estoppel requires that the

particular issue was actually litigated to finality and necessary to the prior action, and that the

party against which it is asserted had a full and fair opportunity to litigate the issue.   See

Blonder-Tongue Labs., Inc., 402 U.S. at 333; Parklane Hosiery Co., 439 U.S. at 326 n.5.

Defensive collateral estoppel "occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." Parkland Hosiery Co., 439 U.S. at 326 n. 4.

In Transclean I, Transclean had the full and fair opportunity to litigate its claim for infringement damages. The litigation proceeded through intense discovery, a lengthy jury trial, post-trial motion practice, and an appeal to the Federal Circuit Court of Appeals. Throughout that litigation, Transclean's theory of damages was premised on a reasonable royalty of approximately $550 per infringing machine. The Federal Circuit Court of Appeals upheld this damage determination, concluding that the damage award fully compensated Transclean for the infringing sales of the T-Tech machine. Transclean I, 290 F.3d at 1377. This damage award was actually litigated and essential to the judgment.

Despite this full and complete litigation on the issue of damages, Transclean now seeks a use-based royalty of $10,000 per machine. This proposition directly contradicts the theory of damages advanced in Transclean I, an issue previously decided by this Court and upheld on appeal. Transclean had full opportunity to pursue use-based damages in Transclean I, but only advanced the theory of reasonable royalty. Permitting Transclean to alter its theory of damages contravenes the principles of preclusion. Accordingly, the Court finds that the issue of use-based royalty is precluded and Transclean's damages are limited to reasonable royalties of approximately $550[5] per infringing machine against each of the Defaulting Defendants.

_____

[5] This amount is an approximation, because the Court's intense review of the record reveals that the evidence in Transclean I demonstrated that approximately 3400 T-Tech

Transclean seeks an award of treble damages pursuant to 35 U.S.C. § 284 against each Defaulting Defendant.[6]   Indeed, the Court deems the allegations in the Complaint as true because the Defaulting Defendants failed to answer or otherwise plead in this action.   Thus, the Defaulting Defendants have willfully and intentionally infringed the '080 patent, and an award of enhanced damages is warranted.   See Rates Tech. Inc. v. Redfish Telemetris, Inc., No. 99-4644, 2001 WL 1825854, at *6 (E.D.N.Y. Dec. 20, 2001) (awarding treble damages for infringement against defaulting defendant).   Transclean is entitled to $1,650 from each Defaulting Defendant.

**B.      Prejudgment Interest**

The purpose of prejudgment interest is "to ensure that the patent owner is placed in  as good a position as he would have been had the infringer entered into a reasonable royalty agreement."   General Motors Corp. v. Devex Corp., 461 U.S. 648, 655 (1983).   Accordingly, "a court should normally award prejudgment interest to afford the plaintiff full compensation for infringement."   Id.

In Transclean I, the Court awarded Transclean prejudgment interest at the rate of prime plus one percent, compounded annually.   The Court finds that a similar rate is appropriate in

---

machines were sold by Bridgewood.   (See Dec. 4, 2003 Pulju Decl. ¶¶ 8-9, Exs. 7-8.) Tranclean was awarded $1,874,500 in total damages in Transclean I.   Thus, the amount of damages per machine is approximately $550.   In an effort to conclusively determine the amount of damages, the Court therefore finds that an award of $550 per infringing machine is appropriate.

[6]   In the event that the Court awarded less than $10,000 against each Defaulting Defendant, Transclean argued in the alternative for treble damages.

this case.    Accordingly, using the average annual prime rate plus one percent compounded annually, the Court awards Transclean prejudgment interest against each Defaulting Defendant. Transclean shall submit an affidavit with the amount of prejudgment interest due on the $1,650 damage award.

## C.    Costs and Attorneys' Fees

Generally, "costs other than attorney's fees shall be allowed as of course to the prevailing party."   Fed. R. Civ. P. 54(d)(1).    Because Transclean is the prevailing party, the Court awards Transclean its costs for bringing this lawsuit against the Defaulting Defendants.

Under 35 U.S.C. § 285, the Court may award attorneys' fees to the prevailing party in exceptional cases.    Whether a case is "exceptional" is based on several factors, including "willful or intentional infringement, inequitable conduct before the Patent and Trademark Office, vexatious or unjustified litigation, or other misfeasant behavior." Multiform Desiccants, Inc. v. Medzam, Inc., 133 F.3d 1473, 1481-82 (Fed. Cir. 1998).   The prevailing party must show that the losing party acted in bad faith, with wrongful intent, or with gross negligence.   Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 473 (Fed. Cir. 1985).

Transclean contends that this case is "exceptional" because the Defaulting Defendants willfully infringed on the '080 Patent.    Indeed, the Amended Complaint specifically alleges that the Defaulting Defendants willfully and intentionally infringed the '080 Patent.    (Am. Comp. ¶ 62.)    By failing to respond to these allegations, the Defaulting Defendants have admitted they willfully and intentionally infringed the '080 Patent.    Moreover, the Defaulting Defendants received actual notice of Transclean's patent rights at least by July 2002, when they

9

were served with the Amended Complaint.   Nevertheless, the Defaulting Defendants continued to use the infringing products.   Because the Defaulting Defendants willfully infringed the '080 Patent, the Court finds that this is an exceptional case and will award Transclean reasonable attorneys' fees in an amount to be determined.   The Court requests that Transclean submit a detailed affidavit to the Court itemizing its costs and fees.

**D.      Contempt and Sanctions**

Transclean maintains that Defendant White Bear willfully infringed upon the '080 Patent — even after the Court permanently enjoined it from using any infringing T-Tech device.   Transclean asks the Court to find White Bear in contempt and sanction it accordingly. The Court may punish a party for disregarding or violating a court order.   18 U.S.C. § 401; United States ex rel. Shell Oil Co. v. Barco Corp., 430 F.2d 998, 1000 (8th Cir. 1970).   Indeed, the Court may hold a party in contempt for violating an injunction restraining him from infringing upon a patent.   Siebring v. Charles W. Hansen & Afsco, Inc., 346 F.2d 474, 477 (8th Cir. 1965).   "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order and to compensate the complainant for losses sustained."   Spindelfabrik Suessen-Schurr v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft, 903 F.2d 1568, 1578 (Fed. Cir. 1990).   "Civil contempt may also be punished by a remedial fine, which compensates the party who won the injunction for the effects of his opponent's noncompliance."   Hutto v. Finney, 437 U.S. 678, 691 (1978).

Defendant Lubrication Technologies, although not the subject of this Motion, submitted

evidence suggesting that Transclean's claims against White Bear are precluded for the reasons articulated in the Court's June 18, 2004 Order. However, default was entered against White Bear in November 2003, and despite the Court's directive in the June 18, 2004 Order, White Bear has not come forward with evidence demonstrating that Transclean knew or should have been aware that White Bear was a user of the T-Tech machine. Accordingly, consistent with the Court's previous Orders, White Bear remains in default, and its continuous use of the T-Tech machine despite this Court's injunction renders it in contempt. The Court therefore awards Transclean its attorneys' fees and costs, in an amount to be determined, for bringing this Motion. The Court again requests that Trasnclean submit a detailed affidavit itemizing its costs and fees.

**CONCLUSION**

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiff Transclean Corporation's Motion for Order for Determination of Damages (Clerk Doc. No. 240) is **GRANTED in part and DENIED in part**;

2.  Plaintiff Transclean Corporation's Motion for Entry of Default and Default Judgment against Defendant Bob Clemons d/b/a Wonder Lube (Clerk Doc. No. 242) is **GRANTED**;

    a.  Defendant Bob Clemons d/b/a Wonder Lube is permanently enjoined from further and continued sale or use of any automatic transmission fluid exchange device manufactured by the manufacturer of the T-Tech automatic transmission fluid charging device before May 1, 1998;

b.     Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant Bob Clemons d/b/a Wonder Lube, in the amount of $1,650 with interest to date, plus costs and attorneys' fees in an amount to be determined;

3.    Plaintiff Transclean Corporation's Motion for Order of Contempt against Defendant White Bear Tire & Auto, Inc. (Clerk Doc. No. 244) is **GRANTED**;

a.     Defendant White Bear Tire & Auto, Inc. is **IN CONTEMPT** for violating this Court's November 5, 2003 Order for Permanent Injunction through their continued use of automatic transmission fluid exchange devices that were manufactured by T-Tech Industries, Inc. before May 1, 1998;

b.     Plaintiff Transclean Corporation is awarded its costs and attorneys' fees in an amount to be determined for bringing this Motion for Contempt against Defendant White Bear Tire & Auto, Inc.;

4.    Defendants Automotive Parts Headquarters, Inc., National Bushing & Parts Co. of Mora, and Paul Meland d/b/a All Seasons Lube Center (Clerk Doc. Nos. 244, 262) are **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41;

5.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant Bill Clark Oil Co., in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined;

6.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant Royal Lube and Service, Inc., in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined;

7.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant 13 North Express Lube, Inc., in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined;

8.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant Spots Quick Lube, in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined;

9.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant White Bear Tire & Auto, Inc., in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined;

10.    Plaintiff Transclean Corporation is awarded damages, in the form of a reasonable royalty, based upon the infringing conduct of Defendant Ultra-Lube, Inc., in the amount of $1,650, with interest to date, plus costs and attorneys' fees in an amount to be determined; and

11.    In accord with the Court's June 18, 2004 and November 18, 2004 Orders,

summary judgment is **GRANTED** in favor of Defendants Jiffy Lube International, Inc.; Indy Lube, Inc.; Fresh Start, Inc.; Lubrication Technologies, Inc.; Walt Gislason; Perfect "10" Quick Lube, Inc.; Regional Car Wash Distributors, Inc.; Mike's In and Out 10 Minute Oil Change; and Heartland Express Lube.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: September 29, 2005

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge